1998 OK CIV APP 60

**Betty L. BAKER, Plaintiff/Appellee,**

v.

**Perry Popeye MASON,
Defendant/Appellant.**

**No. 88291.**

Court of Civil Appeals of Oklahoma,
Division No. 1.

Feb. 27, 1998.

Certiorari Denied April 28, 1998.

Brian M. Dell, Oklahoma City, Oklahoma, for Appellant.

2. Claimant contends this appeal is "patently frivolous" and makes a request for appeal related attorney fees.

Fred Gipson, Joseph Harroz, Jr., Office of Legal Counsel, University of Oklahoma, Norman, Oklahoma, for Appellee.

JOPLIN, Judge.

¶1 Appellant Perry Popeye Mason (Mason) seeks review of the trial court's order issuing a protective order under the Protection from Domestic Abuse Act, 22 O.S. 1995 Supp. § 60 et seq., (hereinafter, the Act) on petition therefor by Appellee Betty L. Baker (Baker). In this appeal, Mason essentially challenges the jurisdiction of the trial court to issue the order, and failure of the trial court to grant Mason a new trial/motion to vacate. Finding no reversible error in the trial court's order, we accordingly affirm.

¶2 Mason was a student at the University of Oklahoma and Baker was a secretary in the office of the president of O.U. when Mason demanded that Baker allow Mason to see the president regarding a complaint Mason had. Mason apparently became agitated on more than one occasion when he did not gain access to the president, allegedly resulting in harm to Baker by causing annoyance, alarm, and emotional distress. Thereafter Baker sought and obtained a protective order prohibiting Mason from contacting Baker at her place of employment (the office of the president of O.U.) and restricting Mason's contact to O.U.'s legal counsel's office after the trial court determined that Baker was a victim of harassment by Mason.[1] Mason now appeals, arguing the trial court was without authority to enter a protective order against him under the Act in the absence of the showing of any relationship between Mason and Baker.

¶3 Title 22 O.S. Supp.1992 § 60.1(3) defines harassment as:

[A] knowing and willful course or pattern of conduct by an adult ... directed at a specific person which seriously alarms or annoys the person, and which serves no legitimate purpose. The course of conduct must be such as should cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial distress to the person.

In this regard, Baker petitioned for the protective order pursuant to § 60.1(3) defining harassment and on the form provided therefor checked the box entitled "no relation" in identifying Mason as the alleged perpetrator of the harassment. Thus, and while the statute defines "family and household members"[2] for purposes of protecting them from "domestic abuse,"[3] by subsequent amendment the legislature added a separate section prohibiting "harassment" of any "specific person" by an unrelated "adult" perpetrator as within the protections of the Act. The statutory language of § 60.1(3) is clear and allows issuance of a victims' protective order to any "specific person" who is a victim of "harassment" by any "adult," leaving no room for this Court's construction to an opposite result. See, e.g., Cave Springs Public School District v. Blair, 1980 OK 103, 613 P.2d 1046. The trial court heard evidence showing "harassment" of a "specific person," Ms. Baker, by an unrelated "adult," Mason, supporting issuance of a victim's protective order under the language and authority of § 60.1(3) of the Protection from Domestic Abuse Act.[4]

1. We do not agree with Mason's argument that he is now prohibited from contacting the president of O.U.; rather, the protective order entered by the trial court prohibited Mason from harassing Baker, the secretary of the president of O.U., and specifically allowed Mason to contact the president through the O.U. legal counsel's office.

2. This definition includes "spouses, ex-spouses, present spouses of ex-spouses, parents, children, persons otherwise related by blood or marriage, persons living in the same household or who formerly lived in the same household, or persons who are the biological parents of the same child, regardless of their marital status, or whether they have lived together at any time," 22 O.S. § 60.1(4), and "persons in a dating relationship"

excepting casual acquaintances or ordinary fraternization between persons in a business or social context. 22 O.S. § 60.1(5).

3. Under 22 O.S. § 60.1(1), " 'Domestic abuse' means any act of physical harm, or the threat of imminent physical harm which is committed by an adult, emancipated minor, or minor age thirteen (13) years or older against another adult, emancipated minor or minor child who are family or household members or who are or were in a dating relationship."

4. If the Legislature did not intend to extend "harassment" protection under the Protection from Domestic Abuse Act to the factual situation

¶4 The order of the trial court issuing a protective order under the authority of the Protection from Domestic Abuse Act is therefore AFFIRMED.

CARL B. JONES, V.C.J., concurs.

GARRETT, J., specially concurs:

I concur because it is my opinion that the Legislature has clearly authorize the protective order which is being attacked in this case.

presented by this case, we leave it to the Legisla-  ture to amend the Act appropriately.