2000 OK CIV APP 44

**Jennifer Lane SPIELMANN, Appellee**

v.

**Matthew R. HAYES, a minor, By and Through Terri HAYES, parent, Appellant.**

**No. 93,196.**

Court of Civil Appeals of Oklahoma, Division No. 4.

March 7, 2000.

---

John E. Rooney, Kurston P. McMurray, Moyers, Martin, Santee, Imel & Tetrick, Tulsa, Oklahoma, for Appellee.

J. Townley Price, Tulsa, Oklahoma, for Appellant.

*OPINION*

GOODMAN, C.J.

¶ 1 This is Matthew R. Hayes' (Student) appeal from the trial court's May 17, 1999, order requiring Student not to harass, threaten, or abuse Appellee Jennifer Spielmann (Teacher), after Student allegedly left a threatening message on Teacher's voice mail system. Student contends Teacher lacked standing to seek a restraining order and failed to provide sufficient evidence to support the order, and the trial judge's decision to issue a continued temporary restraining order rather than dissolve the order was erroneous. Based upon our review of the record and applicable law, we affirm.

*Facts*

¶ 2 Teacher is Student's 7th Grade science teacher at Union School in Tulsa, Oklahoma. Sometime on the weekend of April 24 or 25, 1999, a message was left on Teacher's voice mail system at the school. The message, according to Student's brief, stated:

> This is your secret admirer. All the kids from yesterday and today better not get in trouble and go to the office. 'Cause if they do go to the office, the kids or anybody,

your husband is gonna be dead meat and I swear to God this is true. I'll give you a clue, I'm in your second hour. I know your husband. He will not live very long if you do not do what I say. Thank you for your attention.

¶ 3 Teacher retrieved the message and heard it Monday, April 26, 1999. She contacted the principal and two other administrators. Teacher did not immediately recognize the voice, explaining that she was upset when she initially heard it. But by Tuesday she was able to identify the voice as that belonging to Student. Student was expelled from school.

¶ 4 On May 3, 1999, Teacher, on behalf of herself and her husband, filed a petition for a protective order against Student only. Teacher stated that Student threatened imminent physical harm and stalked or harassed her and her husband. She requested Student not come to school. An amended petition for a protective order was filed May 3, 1999, by Teacher only. It named Student and Student's parent as defendants. The allegations in the amended petition remained the same as those set out in the original petition.

¶ 5 On May 17, 1999, the trial court conducted an evidentiary hearing. Student was represented by counsel; Teacher was pro se. At the conclusion of the hearing, the trial court continued the emergency protective order, which was filed May 17, 1999, ordering Student not to abuse, injure, visit, threaten, or harass Teacher. Student was ordered to stay away from Teacher at all times. Student was notified that the trial court would conduct a hearing for a permanent protective order August 29, 1999.

¶ 6 Student filed a timely petition in error June 15, 1999, raising several issues. We address each in turn. Student filed a brief in chief; Teacher filed a notice waiving her right to file a reply brief, citing Supreme Court Rule 1.10(a)(5), 12 O.S. Supp.1998, ch. 15, app. 1. The matter stands submitted on the brief of Student and the designated record.

*Standard of Review*

¶ 7 Because Student contends the trial court erred in its application of a statute to the facts presented at trial, we review using a de novo standard.

¶ 8 As to legal issues—e.g. the meaning and intent of legislative enactments—a different standard of review applies. Legal questions are reviewed de novo and an appellate court has plenary, independent, and non-deferential authority to reexamine a trial court's legal rulings. *See Neil Acquisition, L.L.C. v. Wingrod Investment Corp.,* 1996 OK 125, ¶ 4, 932 P.2d 1100, 1103 n. 1.

¶ 9 Review of law is called "de novo," which means no deference, not necessarily a full rehearing or new factfinding. *Bose Corp. v. Consumers Union of United States, Inc.,* 466 U.S. 485, 104 S.Ct. 1949, 80 L.Ed.2d 502 (1984).

*Issues*

*Lack of Standing*

¶ 10 Student first contends Teacher lacked standing to obtain a protective order against him, noting the verbal threat was directed to Teacher's husband, but not Teacher. Consequently, student argues Teacher was not a victim of harassment as defined by the Protection From Domestic Abuse Act, 22 O.S. Supp.1998, §§ 60.1 through 60.11(Act), which defines those persons who may invoke its protections.

¶ 11 Title 22 O.S. Supp.1998, § 60.2, states: A. A ... victim of harassment, ... may seek relief under the provisions of the Protection from Domestic Abuse Act.

¶ 12 Harassment is defined in 22 O.S. Supp.1998, § 60.1(3), which states:
"Harassment" means a knowing and willful course or pattern of conduct by ... [a] minor thirteen (13) years of age or older, directed at a specific person which seriously alarms or annoys the person, and which serves no legitimate purpose. The course of conduct must be such as would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial distress to the person. "Harassment" shall include, but not be lim-

ited to, harassing or obscene telephone calls in violation of Section 1172 of Title 21 of the Oklahoma Statutes and fear of death or bodily injury;

¶ 13 We hold Teacher had standing under the Act and was entitled to seek its protection.[1] The Act specifically prohibits "a knowing and willful course or pattern of conduct by ... [a] minor thirteen (13) years of age or older, directed at a specific person which seriously alarms or annoys the person, and which serves no legitimate purpose." Student's argument ignores the clear fact that the harassment experienced by Teacher consisted of Student's knowing and willful course of conduct of choosing to leave a voice mail message containing an articulated death threat, which alarmed Teacher, caused her actual substantial emotional distress, and served no other legitimate purpose than to require Teacher to alter her course of conduct and not send any student to the office in order to avoid the death of her husband. Student's argument that only the target of the death threat itself can have standing ignores the impact of that message on the one who actually received it, and to whom the message is clear: don't discipline students under penalty of death. This proposition of error is without merit.

### Lack of Evidence Teacher Was Harassed

■ ¶ 14 Student next contends the record does not support the trial court's conclusion Teacher was the victim of abuse, harassment, or stalking. Because Teacher only sought relief from harassment, we do not address Student's arguments relating to abuse or stalking. We have already addressed the standing of Teacher to seek protection under the Act for harassment. We conclude our review of this proposition of error by noting that once Teacher was able to calmly listen to the voice recording, she was the first to identify the voice as that of Student. She testified she was familiar with Student's voice, and was able to identify it without doubt. Because Student did not present any evidence contradicting that of Teacher, we conclude the record supports the trial court's conclusions.

### Continued Emergency Protective Order

■ ¶ 15 Student contends once a trial on the merits is conducted, the trial court may either issue a protective order or dissolve the order. The trial court's use of a "continued protective order" is, according to Student, unsupported by law. Student's argument overlooks 22 O.S. Supp.1998, § 60.4(G), which states:

> G. Any protective order issued pursuant to subsection C [an order to cease harassment] of this section shall not be for a fixed period but *shall be continuous* until modified or rescinded upon motion by either party or if the court approves any consent agreement entered into by the plaintiff and defendant.

¶ 16 This proposition of error is without merit.

¶ 17 We conclude the order under review is supported by law and the evidence, and the trial court's order of May 17, 1999, is affirmed.

¶ 18 AFFIRMED.

¶ 19 STUBBLEFIELD, J., and REIF, J., concur.

---

1. *See also, Baker v. Mason,* 1998 OK CIV APP 60, 958 P.2d 808, which held the trial court had authority under the Protection from Domestic Abuse Act to issue victims' protective order prohibiting a university student from contacting a secretary for the university's president at her place of employment, though there was no relationship between the student and secretary.