2000 OK 62

**Jimmy K. KERLEY, Petitioner,**

v.

**UNIROYAL GOODRICH TIRE COMPANY/MICHELIN NORTH AMERICA, INC., Own Risk and The Workers' Compensation Court, Respondents.**

**No. 91,006.**

Supreme Court of Oklahoma.

July 18, 2000.

W.C. Doty, The Bell Law Firm, Norman, Oklahoma, for Petitioner.

Connie M. Wolfe, McKinney & Stringer, P.C., Oklahoma City, Oklahoma, for Respondent.

WINCHESTER, Justice:

¶1 The petitioner/employee, Jimmy K. Kerley, appealed an order from the Workers' Compensation Court. The trial court adjudicated disabilities to the petitioner's right shoulder, left shoulder, right arm, right hand, and left hand combining to 38.5 percent permanent partial disability to the body as a whole, and awarded compensation.

¶2 The petitioner appealed two credits to the respondent/employer, Uniroyal Goodrich Tire Company/Michelin North America, to be taken from the petitioner's award for permanent partial disability. The first credit resulted when the trial court found that the respondent was not entitled to temporary total disability compensation from November 12, 1996, to October 18, 1997. Between those two dates, the respondent paid the petitioner $13,573.00.

¶3 The petitioner preserved for review the issue of whether the respondent was entitled to a credit of $13,573.00 for benefits paid between November 12, 1996, and October 18, 1997, in the petition for review and in the brief on appeal. However, the issue was decided adversely to the petitioner on certiorari. Although rigid rules of pleading are no longer followed in the appellate process (*Markwell v. Whinery's Real Estate, Inc.*, 1994 OK 24, ¶8, 869 P.2d 840), the petitioner did not take steps necessary to preserve the issue for certiorari review—the petitioner did

232

not file a petition for certiorari raising the issue. Because the ruling in the Court of Civil Appeals favored the respondent on this issue and because the issue was not raised on certiorari, we do not need to determine whether the credit was properly allowed or to remand to the Court of Civil Appeals for consideration of the issue. Okla.Sup.Ct. R.1.180, 12 O.S.Supp.1999, Ch. 15, App. 1 ; *Hough v. Leonard*, 1993 OK 112, ¶ 18, 867 P.2d 438, 446.

■ ¶ 4 The petitioner also appealed a credit to the respondent of $4,934.99 for overpayment pursuant to 1992 Okla. Sess. Laws, ch. 294, § 10(B), now codified as 85 O.S.Supp.1999, 41.1 (B). The respondent paid this additional amount above the amount of salary continuation benefits and above the amount of temporary total compensation due to the petitioner. Subsection B of § 41.1 requires that credit be given for such overpayment. The Court of Civil Appeals observed in its opinion that another panel of the Court of Civil Appeals had held § 41.1(B) unconstitutional as an impermissible special law that denied equal protection of the law to citizens of the state. The court further commented that the Supreme Court of Oklahoma had granted certiorari to review the very issue, and that the respondent should seek certiorari review in this case. That case has been decided, and this Court held that § 41.1(B) is an impermissible special law, and therefore unconstitutional. *Grant v. Goodyear Tire & Rubber Co.*, 2000 OK 41, 5 P.3d 594 (mandate issued June 29, 2000).

¶ 5 Section 41.1 provides:

A. In the event salary or any other remuneration is paid in lieu of temporary total compensation during the period of temporary total disability or for any other period of time, no respondent or insurance carrier shall be allowed to deduct from the amount of the award for permanent or partial permanent disability any amounts paid for temporary total disability, nor shall he be given credit for such additional payments on future temporary total disability, permanent partial disability, disfigurement, or any other compensation provided by the workers' compensation law.

B. Notwithstanding the provisions of subsection A of this section, a qualified individual self-insured employer that pays temporary total disability benefits at a higher weekly rate than required by statute, without diminishing the employee's accrued leave on such payments, shall be given credit for such overpayment against any permanent partial disability owed, after payment of attorney fees and taxes. This provision shall not apply where salary continuation was made by the self-insured employer pursuant to an applicable collective bargaining agreement.

¶ 6 In *Grant*, we cited Article 5, § 59 of the Constitution of the State of Oklahoma, which provides that "Laws of a general nature shall have a uniform operation throughout the State, and where a general law can be made applicable, no special law shall be enacted." We also cited *Reynolds v. Porter*, 1988 OK 88, ¶ 13, 760 P.2d 816, 822, which identifies a three-prong test to determine whether a statute is constitutional under § 59: "1) Is the statute a special or general law? 2) If the statute is a special law, is a general law applicable? and 3) If a general law is not applicable, is the statute a permissible special law?" We held in *Grant* that 1) § 41.1(B) is a special law; 2) that the subject, credit for overpayments of temporary total disability, was reasonably susceptible of general treatment, and 3) that there was no distinctive characteristic which would warrant different treatment of those in the same class.

¶ 7 While the respondent in *Grant* argued that § 41.1(B) is a general law, not a special law, the respondent in the case before us argues that § 41.1(B) is a special law created for a rational purpose. The respondent speculates: "The legislature could have believed that promoting self-insurance in Oklahoma would promote the general welfare of its citizens." The respondent reasons that during uncertain economic times insurers conceivably may choose not to underwrite Oklahoma workers' compensation policies, so that promoting self-risk entities encourages stability in workers' compensation coverage, benefitting both employers and employees.

We fail to see how § 41.1(B) promotes self insurers.

¶ 8 Article 5, § 59 expressed the intentions of those who framed our constitution that the abuses of granting special legislative favors to the few should not be tolerated, but that all citizens should receive equal rights, and none should have special privileges not granted to other citizens occupying the same status. *Jack v. State,* 183 Okla. 375, 82 P.2d 1033, 1034 (1938). A statute is a special law where a part of the entire class of similarly affected persons is separated for different treatment. *Reynolds,* 1988 OK 88, ¶ 14, 760 P.2d 816, 822.

¶ 9 In *Grant* we observed that for the purpose of the constitution, we could focus on either of two classes of similarly affected persons. *Grant,* 2000 OK 41, ¶ 6, 5 P.3d at 597. Section 41.1 treats employers who are self insured differently from employers who purchase workers' compensation insurance. That is one set of similarly affected persons. The law also treats employees whose employers are self insured differently from employees whose employers purchase workers' compensation insurance. That is a second set of similarly affected persons. If an employer who has purchased the insurance pays its employee a salary in lieu of temporary total disability, that employer is forbidden by § 41.1(A) from recouping the excess payment when the employee is awarded permanent or partial permanent disability. But an employer who is self insured may pay its employee a salary in lieu of temporary total disability, and pursuant to § 41.1(B) the employer is given a credit for such overpayment against any permanent partial disability award.

¶ 10 Self insuring is not promoted by allowing such insurers the special privilege of recouping overpayments while such a privilege is denied to those employers who pay for insurance. There is no logic to such a distinction. While an employee benefits from an employer's willingness to continue the employee's salary during a period of disability, the law discourages employers who purchase insurance from doing this since those employers cannot recoup the overpayment. The law should either allow all employers to recoup their overpayments, or deny such recoupment to all employers. Then both employers and employees would be treated equally.

¶ 11 Accordingly, the opinion of the Court of Civil Appeals is vacated. The portion of the order of the Workers' Compensation Court that granted the employer a credit in the amount of $13,573.00 is left unchanged as it is the settled law of the case, and the portion of the order granting an additional credit of $4,934.99 is vacated.

¶ 12 SUMMERS, C.J., HODGES, LAVENDER, OPALA, KAUGER, WATT, and BOUDREAU, JJ., concur.

¶ 13 HARGRAVE, V.C.J., concurs in part; dissents in part.