2002 OK CIV APP 33

**Daniel D. CAMPBELL, Petitioner,**

v.

**HUNT JB TRANSPORT SERVICES, Insurance Company of Pennsylvania and the Workers' Compensation Court, Respondents.**

**No. 96,757.**

Court of Civil Appeals of Oklahoma, Division No. 4.

Feb. 12, 2002.

Jamie Pitts, Lawter & Pitts, Tulsa, OK, for Petitioner.

R. Jay McAtee, Tulsa, OK, for Respondents.

Opinion by RONALD J. STUBBLEFIELD, Judge:

¶1 The original dispute between Worker, Daniel D. Campbell, and Employer, Hunt JB Transport Services, arose over Employer's failure to provide Worker with medical treatment for a work-related injury, despite numerous demands by Worker. Worker obtained his own treatment, and after filing a compensation claim, sought repayment for medical expenses incurred. The Workers' Compensation Trial Court found Worker had sustained accidental personal injuries to various parts of his body and was temporarily totally disabled, and did order Employer to reimburse Worker for medical expenses. However, the trial court ordered that further medical treatment could be provided by Employer by a Certified Workplace Medical Plan (CWMP) physician. Worker appealed that provision regarding use of a CWMP physician to a three-judge panel, claiming that the statutory provisions providing for CWMPs were unconstitutional. The three-judge panel affirmed, and Worker now appeals to this court raising the same constitutional challenge.

## STANDARD OF REVIEW

¶2 There are no disputed facts in this case, as the question before this court is a pure issue of law—whether 85 O.S. Supp. 2000 §§ 14 (C), 14.1, 14.2 and 14.3 are special laws prohibited by Okla. Const. Art. V, § 59. "Legal questions are reviewed de novo and an appellate court has plenary, independent, and non-deferential authority to reexamine a trial court's legal rulings." *Spielmann v. Hayes*, 2000 OK CIV APP 44, ¶8, 3 P.3d 711, 713. When considering questions of constitutionality, an act of the legislature will not be declared void unless it is "clearly, palpably, and plainly inconsistent with the terms of the Constitution." *Rivas v. Parkland Manor*, 2000 OK 68, ¶6, 12 P.3d 452, 455.

## DISCUSSION OF ISSUES

¶3 Worker argues in seven propositions of error that sections 14(C) and 14.1–14.3 are special laws which violate Article V, § 59 of the Oklahoma Constitution, and are discriminatory in their application to injured workers and have other discriminatory effects. Worker also claims that the three-judge panel erred when it denied the claim of unconstitutionality of section 14(C), but did not specifically find that each challenged statute was constitutional. We reject this latter argument, because it can be inferred from the three-judge panel order that in finding section 14(C) constitutional, the other challenged sections were also found constitutional.

¶4 Article V, § 59 of the Oklahoma Constitution provides that "Laws of a general nature shall have a uniform operation throughout the State, and where a general

law can be made applicable, no special law shall be enacted." The Oklahoma Supreme Court has defined a special law as one "where a part of the entire class of similarly affected persons is separated for different treatment." *Kerley v. Uniroyal Goodrich Tire Co./Michelin N. Am., Inc.*, 2000 OK 62, ¶ 8, 10 P.3d 230, 233. It is clear that by enacting sections 14(C) and 14.1–14.3, the legislature has created a special class of injured workers under the Workers' Compensation Act—those who work for a company which has contracted with a CWMP. Therefore, we conclude that the laws concerning CWMPs are special laws.

¶ 5 Having determined that the statutes are special laws, the question then becomes whether the statutes are permissible special laws. *Reynolds v. Porter*, 1988 OK 88, ¶ 13, 760 P.2d 816, 822. Employer argues that the laws bear a rational relationship to at least one of the legislature's public policy goals of the Workers' Compensation Act— providing an employer with a mechanism to reduce its monetary costs of providing workers' compensation coverage. We agree.

¶ 6 In *Rivas v. Parkland Manor*, 2000 OK 68, 12 P.3d 452, the Oklahoma Supreme Court considered whether limiting permanent partial disability recovery to 100% disability was constitutional. The court stated: "The critical question is whether the [special] classification rests upon a difference which bears a reasonable relationship to any of the goals of the Workers' Compensation Act." *Id.* at ¶ 13, 12 P.3d at 457. The court then concluded:

> "[T]he limitation clearly serves one of the specified goals of the Workers' Compensation Act. The legislature may strike a balance between the creation of a more strict liability system for the employer, while limiting the potential monetary exposure when the employer does have to pay."

*Id.* at ¶ 16, 12 P.3d at 457.

¶ 7 A goal of the Workers' Compensation Act is to insure that medical expenses of an employee who has suffered an on-the-job injury will be paid. As a balance to imposing liability on employers for paying those medical expenses, the legislature has sought ways to keep those expenses at a reasonable level. We find the establishment of CWMPs to be such a method of balancing benefits to employees against costs to employers.

¶ 8 Therefore, we conclude that the laws regarding CWMPs bear a reasonable relationship to the goal of the Workers' Compensation Act of limiting the cost of medical expenses incurred by employers who choose to become members of a CWMP. Therefore, sections 14(C) and 14.1–14.3 are permissible special laws which do not violate Article V, § 59 of the Oklahoma Constitution.

¶ 9 Furthermore, we find that the sections regarding CWMPs do not discriminate against those employees whose employers participate in the plan. An employee may choose to participate in the plan—in which case, he agrees to seek treatment from plan-approved doctors. If an employee chooses not to participate in the plan, the employee has the right to provide a list of physicians with whom he, or a member of his family, has had a treatment history and to be treated by such a physician, provided the physician agrees to comply with the rules, terms and conditions of the plan. 85 O.S. Supp.2000 § 14 (C)(1). For those employees who do not have a relationship with a doctor, they can simply choose to participate in the plan and have a choice of qualified doctors. If an employee is not satisfied with the quality of care he is receiving, he may change doctors with prior approval. And, he may always seek treatment from the physician of his choice and pay for the services rendered.

¶ 10 Employee hypothesizes that a person who moves here from out-of-state is unduly burdened because he might not have a previous relationship with a doctor and will be forced to see a doctor he does not know. However, we cannot think of a circumstance when such a person would not have to see a doctor he didn't know. The situation is no different than when an employee moves here from another state and becomes an employee of a company who utilizes an HMO for its health care plan, and must choose a doctor from an approved list provided by the HMO. In fact, the CWMP is less restrictive because the employee can opt out of the plan and select a family physician, even if that physi-

cian is not included in the physician list provided by the plan. There is nothing unconstitutionally discriminatory in these circumstances.

¶ 11 Worker also argues that an injured employee who is treated by CWMP physicians may receive substandard care. He asserts that employees have fewer choices of physicians because medical providers choose not to participate in the plans because they are paid less per medical procedure than other physicians who are not members of a CWMP plan. Additionally, he asserts that the administrative grievance procedure puts undue delay and legal hurdles in the path of a dissatisfied injured employee. However, Worker provides no evidentiary or legal support for these claims. They are mere conjecture. "Argument without supporting authority will not be considered." Okla. Sup.Ct. R. 1.11(k)(1), 12 O.S. Supp.2000, ch. 15, app. 1; *Westlake Presbyterian Church, Inc. v. Cornforth,* 1996 OK CIV APP 159, ¶ 16, 940 P.2d 1208, 1211.

¶ 12 Finally, Worker, citing section 14.3B(1)(f), asserts that CWMPs can mandate the use of "aggressive medical management," arguing this allows the imposition of medical treatment and procedures against a worker's wishes. Worker fails to relate the full section language which states, in pertinent part: "The Commissioner shall not certify a plan unless the Commissioner finds that the plan ... provides aggressive *case* management for injured employees and a program for early return to work." 85 O.S. Supp.2000 §§ 14.3(B)(1), 14.3(B)(1)(f) (emphasis added). This does not mean that a worker is forced to submit to medical procedures against his will. It simply means that there is a goal of rendering speedy medical treatment in order to return an injured worker to work as quickly as possible.

¶ 13 As for Worker's particular circumstances, and his claim of harm in being required to change physicians, we note that Worker did not argue that he had a previous relationship with a doctor which was severed by Employer's participation in a CWMP. In fact, Worker went to a doctor recommended by his attorney, not one recommended by a family member or other physician. We are not stating that this referral was in any way improper or a benefit to either attorney or doctor. However, this substantially weakens Worker's argument that he suffered or will suffer any harm as a consequence of not being able to continue treatment with the particular physician. Employer was ordered to reimburse Worker for all medical treatment by the physician, and the record reflects that the physician had released Worker for light duty and that his treatment was nearing completion. So it is difficult to imagine that Worker will suffer substantial detriment by changing to a plan physician. If problems do occur, grievance procedures are readily available under the Workers' Compensation Act.

¶ 14 Based on our review of the record, we do not find that 85 O.S. Supp.2000 §§ 14(C) and 14.1–14.3, are unconstitutional. Accordingly, the order of the Workers' Compensation Court is SUSTAINED.

¶ 15 REIF, C.J., and TAYLOR, P.J., concur.