2005 OK CIV APP 51

**Neal TROUTMAN, Petitioner/Appellee,**

v.

**David Eugene MARTIN, Defendant/Appellant.**

**No. 101,245.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Aug. 3, 2005.

David A. Davis, Oklahoma City, OK, for Petitioner/Appellee.

J. Brent Galyon, Jacquita R. Gorelick, Oklahoma City, OK, for Defendant/Appellant.

Opinion by CAROL M. HANSEN, Judge.

¶ 1 On August 10, 2004, Petitioner, Neal Troutman, Chief of Bethany Police Department, filed a Petition for Protective Order against Defendant, David Eugene Martin, seeking relief under the Protection from Domestic Abuse Act [22 O.S.2003 Supp. § 60 et. seq ]. In the form petition, Petitioner swore

1. The trial court ordered the terms of the Order of Protection effective until August 25, 2007.

2. Defendant also contends the trial court erroneously granted Petitioner an ex parte emergency order. However, ex parte emergency orders expire once a full hearing is conducted [22 O.S. 2003 Supp. § 60.3A]. Additionally, Defendant's contentions regarding the ex parte order and the final order are essentially the same. Thus, this

Defendant caused or attempted to cause serious physical harm to Petitioner, threatened Petitioner, harassed Petitioner, and stalked Petitioner. Also, Petitioner swore the incidents which brought about the filing of the petition occurred on or about March 20, 2004, and July 9, 2004. He described the incidents as follows:

03/20/04: Defendant admitted to being angry at previous drug arrest by Bethany P.D. Defendant admitted to walking to Chief Troutman's residence (one block from his own) with a .22 cal. Magnum & 9 mm Ruger & shooting into the car in Chief Troutman's driveway.

07/09/04: Defendant was found in front of Chief Troutman's residence wearing "PO-LICE" ballcap, OCPD police jacket, handcuffs, police frequency scanner, & a small pocket knife. Defendant stated he was "looking for auto burglars."

No documents were attached to the petition.

¶ 2 On August 10, 2004, the trial court issued an Emergency Order of Protection based on the allegations in the petition. On August 25, 2004, the trial court conducted a hearing. On that same date, Defendant was confined at the Norman Regional Hospital Mental Ward and was not present at the hearing. He was represented by counsel who waived continuance of the hearing. Following the hearing, the trial court granted a Final Order of Protection, ordering, among other things, that Defendant not stalk Petitioner.[1] Defendant appeals.

¶ 3 Defendant contends the trial court erroneously granted Petitioner a Final Order of Protection on the grounds of stalking.[2] He complains Petitioner failed to present any evidence of stalking, which would justify the granting of an order of protection.[3] Pursuant to § 60.1(2):

Court will not address Petitioner's contentions regarding the ex parte order.

3. Defendant also contends Petitioner did not comply with 22 O.S.2003 Supp. § 60.2(A) which provides that a victim of stalking who is not a family or household member or an individual who is or has been in a dating relationship with the defendant must file a complaint against the defendant with the proper law enforcement agency before filing a petition for a protective

2. "Stalking" means the willful, malicious, and repeated following of a person by an adult, emancipated minor, or minor thirteen (13) years of age or older, with the intent of placing the person in reasonable fear of death or great bodily injury.[4]

¶ 4 At the August 25th hearing, Petitioner testified about the March 20th and July 9th incidents which he had previously described in his petition. He testified that on March 20th Defendant used a gun to shoot into Petitioner's car parked in the driveway of Petitioner's home. He also testified that on July 9th Defendant was dressing as a police officer and was stopped by police officers four houses down from Petitioner's house as Defendant was walking around the block past Petitioner's home. Defendant lives one block away from Petitioner's home. He testified he was afraid for the safety of his family.

¶ 5 In determining whether the trial court erred in applying a statute to the facts presented at trial, the reviewing court uses a de novo standard. *Spielmann v. Hayes ex rel. Hayes*, 2000 OK CIV APP 44, 3 P.3d 711. Section 60.1.2 provides that "stalking" is a willful, malicious, and repeated following of a person with the intent of placing that person in reasonable fear of death or great bodily injury.

¶ 6 Evidence reveals the March incident was willful and malicious, that Defendant "followed"[5] Petitioner by appearing at Petitioner's home, and that Defendant did so with the intention of placing Petitioner in reasonable fear of death or great bodily injury.

¶ 7 Evidence reveals that regarding the July incident, Defendant purposefully walked in front of Petitioner's home dressed as a police officer. This was, again, a willful, malicious, following of Petitioner with the intent of placing Petitioner in reasonable fear of death or great bodily injury. Petitioner testified that because of both the March incident and the July incident, he became afraid for the safety of his family. He was placed in reasonable fear of death or great bodily injury. Defendant's purposeful walking in front of Petitioner's home was a *repeated* following. In considering the March 20th incident along with the July 9th incident, there was repeated following—"stalking." The final order of protection is supported by the evidence. The trial court correctly determined Petitioner established the grounds for a stalking protective order.

AFFIRMED.

JOPLIN, P.J., and BUETTNER, C.J., concur.

---

order. However, because Defendant did not raise this issue below, this Court will not address it. *M.R. v. Cox*, 1994 OK CIV APP 112, 881 P.2d 108.

4. Pursuant to 22 O.S.2003 § 60.1.3, " 'Harassment' means a knowing and willful course or pattern of conduct by a family or household member or an individual who is or has been involved in a dating relationship with the person, directed at a specific person which seriously alarms or annoys the person, and which serves

no legitimate purpose. The course of conduct must be such as would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial distress to the person. 'Harassment' shall include, but not be limited to, harassing or obscene telephone calls in violation of Section 1172 of Title 21 of the Oklahoma Statutes and fear of death or bodily injury; . . ."

5. Section 60.1 does not define "following."