ALLEN v. CASTILLEJO



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:ALLEN v. CASTILLEJO

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 ALLEN v. CASTILLEJO
2019 OK CIV APP 51
Case Number: 117533
Decided: 09/05/2019
Mandate Issued: 10/02/2019
DIVISION IV
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION IV
Cite as: 2019 OK CIV APP 51, __ P.3d __

 

KYNDRA D. ALLEN, Petitioner/Appellee,
v.
JOSE CASTILLEJO, Defendant/Appellant.

APPEAL FROM THE DISTRICT COURT OF
HARPER COUNTY, OKLAHOMA

HONORABLE ARIC ALLEY, TRIAL JUDGE

REVERSED AND REMANDED WITH INSTRUCTIONS

Jamelle R. King, TIGER LAW FIRM, PLLC, Tulsa, Oklahoma, for Defendant/Appellant

JANE P. WISEMAN, VICE-CHIEF JUDGE:

¶1 Jose Castillejo (Student) appeals a five-year protective order against him, asserting the trial court erred by finding that threats made to other students were also threats made to Kyndra Allen (Principal) in her role as a fiduciary to those students, creating a series of acts evidencing a continuity of purpose or unconsented contact with a person sufficient to satisfy the statutory definition of stalking under 22 O.S.2011 § 60.1(2). After review of the record and relevant law, we reverse the order of the trial court and remand this case with instructions to vacate the protective order against Student.[1]

FACTS AND PROCEDURAL BACKGROUND 

¶2 Principal filed a petition for a protective order against Student on August 10, 2018. The petition was in response to the events of May 10, 2018, when Student allegedly brought a gun to Laverne High School, the high school he attended, and where Principal worked. During that day, Student allegedly threatened the lives of other students and Principal. When other school administrators learned of the threats Student made and that he had brought a gun to school, they called the police.

¶3 Principal did not witness the threats made to the other students but learned of them later. The only contact that day between the parties before the threat to her was when Principal checked Student through the lunch line as a part of her normal duties, and this interaction was peaceful. The police arrived shortly thereafter and escorted Student out of the cafeteria to Principal's office for questioning. According to Principal, it was during the questioning that Student threatened Principal. Principal testified that the threat was, "I'm going to kill you. You're going to die. You fucked up. You'll burn in hell." She then left her office.

¶4 There has been no contact between the parties of any kind since that day. Student now lives in a different community and is not enrolled at Laverne. According to his counsel, in an "unrelated matter he's under pre-adjudication rules and conditions of probation, which limit his contact with Laverne school and Laverne students while they're on that property."

¶5 Principal filed the petition for protective order on August 10, 2018. The petition included a request for an Emergency Order of Protection which was granted. A hearing on the protective order was set for August 22, 2018, but later continued to October 24, 2018. At the conclusion of the October hearing, the trial court found there was evidence of stalking under the second definition in 22 O.S.2011 § 60.1(2):

Stalking also means a course of conduct composed of a series of two or more separate acts over a period of time, however short, evidencing a continuity of purpose or unconsented contact with a person that is initiated or continued without the consent of the individual or in disregard of the expressed desire of the individual that the contact be avoided or discontinued.

The trial court held that the threats made to the students were also threats to Principal because of her "fiduciary responsibility" to the students to keep them safe. The court found that these threats, combined with the threat made in her office, amounted to a course of conduct that satisfies the definition of stalking.

STANDARD OF REVIEW

¶6 We review proceedings under the Protection from Domestic Abuse Act, 22 O.S.2011 & Supp. 2018 §§ 60-60.20, for an abuse of discretion. Curry v. Streater, 2009 OK 5, ¶ 8, 213 P.3d 550. "Under the abuse of discretion standard, the appellate court examines the evidence in the record and reverses only if the trial court's decision is clearly against the evidence or is contrary to a governing principle of law." Id. Also, "[s]tatutory construction presents a question of law which we review de novo." Id.

ANALYSIS

¶7 An order of protection may be issued under 22 O.S. Supp. 2018 § 60.2(A), which provides, in part, "A victim of domestic abuse, a victim of stalking, a victim of harassment . . . may seek relief under the provisions of the Protection from Domestic Abuse Act." The protective order under review was issued on the ground of stalking. Stalking is defined in the Act as:

the willful, malicious, and repeated following or harassment of a person by an adult, emancipated minor, or minor thirteen (13) years of age or older, in a manner that would cause a reasonable person to feel frightened, intimidated, threatened, harassed, or molested and actually causes the person being followed or harassed to feel terrorized, frightened, intimidated, threatened, harassed or molested. Stalking also means a course of conduct composed of a series of two or more separate acts over a period of time, however short, evidencing a continuity of purpose or unconsented contact with a person that is initiated or continued without the consent of the individual or in disregard of the expressed desire of the individual that the contact be avoided or discontinued.

22 O.S.2011 § 60.1(2). Student raises the question of whether the trial court abused its discretion in issuing the protective order. Specifically, he questions whether it was permissible to view threats made to other students as also being directed to Principal, based on her "fiduciary duty" to the students, in order to meet the definition of stalking.

¶8 This order relies on the second definition of stalking under 22 O.S.2011 § 60.1(2), which requires two or more acts that evidence a continuity of purpose. The trial court found one act in the threat made to Principal in her office on May 10, 2018. There are no other interactions between the parties that could be considered threatening. The trial court considered the threats Student made to other students as being made to Principal because she was the principal. The trial court found that the "fiduciary relationship" transferred the threats to Principal and counted as a second act under 22 O.S.2011 § 60.1(2). In the trial court's own words:

I am of the opinion that given Ms. Allen's position as the principal that there is a fiduciary duty and responsibility that she has for the safety of the students, and so in that regard, I think either threats made to her directly, which I think there was testimony today that there was a specific incident, I'm also under the belief that threats made to other individuals in the school, threats made to them are also threats to Ms. Allen because she has a responsibility to care and watch over those students while they're on the school grounds in her capacity of fiduciary duty. And by that reasoning I do find that I would find that that definition's been met to the Court's satisfaction by a standard that would be used in this case.

This new application of the statute merits discussion.

¶9 The statute is designed to protect persons from domestic abuse, stalking, harassment, and rape. The statute also contemplates seeking protective orders on behalf of others who are family or household members and minors. 22 O.S. Supp. 2018 § 60.2(A). The statutory language does not include fiduciaries of any kind. "[O]ur goal is to determine the legislative intent . . . . [i]f a statute is unambiguous, this Court will apply the statute as it is plainly written." Curry, 2009 OK 5, ¶ 14. In this case, Principal did not seek a protective order on behalf of any of those threatened students, but only on her own behalf. Nor would she have been able to, as those students were neither family nor household members. Including threats made to others in determining whether the statute's requirements have been met to issue an order protecting an individual is beyond the scope of the statute and the purpose of the protective order itself.

¶10 A protective order can be supported by threats made to persons other than the party seeking a protective order, but by statute, those persons must be family or household members. The idea that a "fiduciary relationship" can transfer a threat from a student to his principal, in the same way that a threat to one's spouse transfers to her, is unfounded. A fiduciary relationship differs from a familial or spousal relationship, and we are not free to disregard those differences, even in the name of safety and caution. Without such disregard, we see no basis in law or fact to allow threats to other parties to be transferred to Principal as the students' "fiduciary." In Spielman v. Hayes ex rel. Hayes, 2000 OK CIV APP 44, ¶ 13, 3 P.3d 711, a student made death threats to his teacher's husband and reasonably caused her fear. The threat was "left on Teacher's voice mail system at the school." Id. ¶ 2. The teacher was able to identify the student based on the voicemail recording. Id. ¶ 3. We note that the Spielman case was focused on the then-statutory definition of harassment, not stalking. Id. ¶ 12.

¶11 It is important to distinguish Spielman from this case where the threats to the students were made outside Principal's presence and knowledge. And, there was no evidence that those threats were directed at Principal in any way, only that the threats were made at the school where she worked. These threats do not appear to be a part of an effort by Student to intimidate or harass Principal but were isolated. Spielman is clearly distinguishable. Because there is one threatening incident against Principal by Student, and no other act to support a finding of stalking, the trial court's interpretation of the statute was incorrect, and the trial court erred in granting the protective order.

CONCLUSION

¶12 After review and consideration of the record on appeal and applicable law, we conclude the trial court erred in the entry of this protective order. We thus reverse the trial court's order and remand to the trial court with instructions to vacate the protective order against Student.

¶13 REVERSED AND REMANDED WITH INSTRUCTIONS.

BARNES, P.J., and RAPP, J., concur.

FOOTNOTES

[1] Principal represented herself at the hearing and has not entered an appearance in this appeal, responded to the petition in error or filed an answer brief. As stated by the Supreme Court in its show cause order issued to Principal on April 9, 2019, this case is considered on the filings to date, if no answer brief is filed within the time specified. Oklahoma Supreme Court Rule 1.10(a), 12 O.S. Supp. 2018, ch. 15, app. 1. Failure to respond does not result in automatic reversal. Student, as the appellant, has the burden to produce a sufficient record and appropriate, applicable law to demonstrate error requiring reversal. Been v. Been, 2007 OK CIV APP 31, ¶ 11, 158 P.3d 491, (citing Pracht v. Oklahoma State Bank, 1979 OK 43, ¶ 5, 592 P.2d 976).






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2007 OK CIV APP 31, 158 P.3d 491, BEEN v. BEEN
Discussed
 2000 OK CIV APP 44, 3 P.3d 711, 71 OBJ 1342, SPIELMAN v. HAYES
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 2009 OK 5, 213 P.3d 550, CURRY v. STREATER
Discussed at Length
 1979 OK 43, 592 P.2d 976, PRACHT v. OKLAHOMA STATE BANK
Discussed
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 60.1, Definitions
Discussed at Length
 22 O.S. 60.2, Protective Order - Petition - Form - Filing Fee - Preparation - Protection of Animal
Discussed


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA