## GIVENS v. WESTERN PAVING CO.

### No. 35394.

Supreme Court of Oklahoma.
Sept. 22, 1953.

Albert D. Lynn, Oklahoma City, for plaintiff in error.

Twyford, Smith & Crowe, Oklahoma City, for defendant in error.

JOHNSON, Vice Chief Justice.

The plaintiff in error complains of the judgment of the trial court in a jury-waived civil action denying him recovery in his action wherein he sought a judgment to reimburse him the expenses of having to repave a street in a subdivision he was developing in Oklahoma City. He had contracted with the Western Paving Company to install a rock asphalt street surfacing on some streets in the addition, which the paving company did in December, 1948, and allegedly breached its agreement in that the surfacing was inadequate, insufficient and was installed in an unworkmanship manner so that it wholly disintegrated and washed away three weeks later when a heavy sleet and snow fell and melted, requiring it to be resurfaced or repaved.

The defendant filed a cross-petition seeking to recover the balance due under the contract. It contended that the surfacing disintegrated and washed away because the gravel base which had been prepared by plaintiff in error was insufficient. On the other hand, plaintiff contended that irrespective of the sufficiency of the base the surfacing washed away before the street was ever used.

Plaintiff in error takes the position that the general finding and judgment of the court against him and in favor of the paving company on its cross-petition is contrary to the evidence and fundamentally wrong.

In jury-waived civil actions trial court's findings have force and effect of the jury's verdict and when finding is general it is finding of every specific thing necessary to be found sustaining general judgment and such judgment will not be disturbed on appeal in the absence of legal errors, if there is any competent evidence reasonably tending to support the trial court's conclusion. The credibility of the various witnesses and weight and value to be given to their testimony is for the jury or for the trial court on waiver of a jury, and conclusions there reached will not be disturbed on appeal, un-

less appearing clearly to be based upon caprice or to be without any reasonable foundation. Lowe v. Hickory, 176 Okl. 426, 55 P.2d 769.

 We have carefully considered the whole record and all the evidence pertaining to the issues and find the evidence ample to sustain the judgment.

Affirmed.