INTERSTATE SECURITIES COMPANY, a foreign corporation, Plaintiff in Error,

v.

McALESTER FINANCE CORPORATION, Defendant in Error.

No. 38633.

Supreme Court of Oklahoma.

May 23, 1961.

Robert L. Cox, Oklahoma City, for plaintiff in error.

Arnote, Bratton & Allford, McAlester, for defendant in error.

PER CURIAM.

McAlester Finance Corporation brought an action against Interstate Securities Company for the replevin of an automobile or its value, and against Edith E. Sisco and B. W. Sisco for a money judgment on a note. A jury trial was waived and the cause was submitted to the trial court.

Judgment was rendered in favor of McAlester Finance Corporation against Edith E. Sisco and B. W. Sisco on the note and they have not appealed. Interstate Securities Company has appealed from a general judgment rendered against it in favor of McAlester Finance Corporation.

McAlester Finance Corporation will be referred to as McAlester Finance and Interstate Securities Company will be referred to as Interstate.

There is competent evidence reasonably tending to support the following facts. B. W. Sisco operated the Sisco Motor Company and was financed by Interstate and on April 18, 1958, he mortgaged the automobile which is the subject matter of this action to Interstate. In order to obtain a personal car for his wife, B. W. Sisco contacted the manager of McAlester Finance. On May 20, 1958, McAlester Finance took a note executed by Edith E. Sisco as maker and B. W. Sisco as comaker and a mortgage on the automobile executed by Edith E. Sisco, only. Two checks were issued by McAlester Finance and the manager of Interstate saw these two checks. McAlester Finance's mortgage was filed for record on May 23, 1958, at 10:10 a. m.

On May 20 or 21, Interstate released the mortgage which it took on April 18, 1958. On May 23, 1958, B. W. Sisco executed a new mortgage to Interstate. Interstate denied it had knowledge of the mortgage of McAlester Finance, but the evidence of McAlester Finance is to the contrary.

Interstate contends that (1) Edith E. Sisco did not own or have possession of the automobile at the time the same was mortgaged to McAlester Finance and the mortgage was of no effect; (2) Any purported transfer of ownership to Edith E. Sisco was by statute conclusively fraudulent and void against it as Sisco Motor Company remained in possession of the automobile; and (3) The purported chattel mortgage from Edith E. Sisco to McAlester Finance was not filed of record at the time Interstate took its chattel mortgage and is therefore void.

■ Contentions (1) and (2), above set forth, relate to the ownership and possession of the automobile at the time the mortgage was executed and delivered to McAlester Finance. McAlester Finance alleged that when the mortgage was executed and delivered that the automobile was owned by and in possession of Edith E. Sisco, and the trial court found, a jury being waived, that McAlester Finance sustained the allegations of its petitions. In this action, if a jury had not been waived, the questions relating to ownership and possession would have been for its determination. See W. T. Rawleigh Company v. Gauntt, 175 Okl. 561, 54 P.2d 324.

Interstate's third contention also presented a question to be resolved by the trier or triers of the facts. McAlester Finance's mortgage was made on May 20, 1958, and filed on May 23, 1958, at 10:10 A.M. Interstate's mortgage was executed on May 23, 1958, and filed on May 28, 1958. There was not only presented the question as to whether or not McAlester Finance's mortgage was filed prior to the time Interstate took its mortgage but there was also the question as to whether or not Interstate had actual knowledge that the automobile was already mortgaged at the time it took its mortgage.

■ Therefore, all three of Interstate's contentions were matters which would have to be determined by a jury had a jury not been waived. Under such conditions, where the findings and judgment of the trial court is general, it is a finding of every specific thing necessary to be found to sustain the general judgment

and such judgment will not be disturbed on appeal, in the absence of legal errors, if there is any competent evidence reasonably tending to support the trial court's conclusion. Givens v. Western Paving Co., Okl., 261 P.2d 450.

We have carefully reviewed all the evidence and we find there is competent evidence reasonably tending to support each and every finding necessary to sustain the general finding and conclusion of the trial court and finding no legal errors, the judgment is affirmed.

The Court acknowledges the aid of Supernumerary Judge N. S. CORN in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.