Fred YOUNG, doing business under the firm name and style of "Fred Young Motor Company", Plaintiff in Error,

v.

Bill SEELY, Defendant in Error.

No. 39241.

Supreme Court of Oklahoma.

Nov. 28, 1961.

Robert L. Cox, Oklahoma City, for plaintiff in error.

Creekmore Wallace, Pryor, for defendant in error.

IRWIN, Justice.

Bill Seely, hereinafter called plaintiff, commenced this action against Fred Young, doing business as "Fred Young Motor Company", hereinafter referred to as defendant, for a money judgment for the sum of $1,560.00, being the amount of a check issued and delivered by defendant as the pur-chase price of a pick-up truck. A judgment was rendered in favor of the plaintiff upon trial to the court without a jury for the amount sued for and defendant appeals.

The material allegations of plaintiff's petition are: That on June 3, 1958, plaintiff sold and delivered to defendant a pick-up truck for the sum of $1,560.00; that defendant executed and delivered to plaintiff his check for the purchase price; that defendant stopped payment on the check and has failed and refused to pay the same.

The material allegations of defendant's answer are: That the check was issued and delivered but was without consideration; that plaintiff represented the pick-up truck to be free of chattel mortgages, liens or other adverse claims; that shortly after the alleged sale and purchase, defendant discovered that Interstate Securities Company had a chattel mortgage on the truck and had repossessed the truck; that defendant rescinded the purchase and stopped payment on the check; that plaintiff admitted Interstate Securities Company had a mortgage on the truck for the reason plaintiff filed suit against said company for the replevin of the truck and is estopped to deny that Interstate did not have a valid mortgage.

We will first consider the validity of the chattel mortgage which defendant contends was a lien on the truck at the time of the sale and purchase. The evidence reveals that on May 23, 1958, B. W. Sisco, a used car dealer, obtained the truck from plaintiff on a proposed car trade and placed the truck on his sales lot; that a certificate of title to the truck was not assigned or delivered to Sisco; that on May 23, 1958, Interstate Securities Company listed the truck with another automobile in a floor plan mortgage with Sisco as mortgagor. Sisco denied that he ever owned the truck or authorized Interstate to include it in the floor plan mortgage. The evidence is in conflict as to whether Interstate did or did not know that Sisco owned the truck and whether Interstate was authorized to include the truck in the floor plan mortgage forms left by Sisco with Interstate.

■ In Al's Auto Sales v. Moskowitz, 203 Okl. 611, 224 P.2d 588, 589, we held:

"An alleged owner of an automobile, who permits a dealer in automobiles to have the car at his sales place under circumstances that indicate authority to sell, is estopped to assert his title against a bona fide purchaser for value and without notice of any defect of title."

Following this rule of law, plaintiff would be estopped to assert the invalidity of the mortgage in favor of Interstate, if Interstate were a bona fide purchaser for value and without notice of defect of title in Sisco.

■ Whether or not Interstate was "a bona fide purchaser for value and without notice of defect of title" was placed squarely before the trial tribunal. Although the trial court did not make a specific finding on this issue, there inheres in the trial court's judgment a finding that Interstate was not a bona fide purchaser for value and without notice of defect in title. This conclusion is based on a well established principle of law that "in a jury-waived civil action, trial court's findings have force and effect of verdict, and where finding is general, it is finding of every specific thing necessary to be found to sustain general judgment". And it is equally well established that such judgment will not be disturbed on appeal in absence of legal errors, if there is any competent evidence reasonably tending to support trial court's conclusion. See Lowe v. Hickory, 176 Okl. 426, 55 P.2d 769; Givens v. Western Paving Co. (Okl.), 261 P.2d 450; Cobb v. Baxter (Okl.), 292 P.2d 389, and Interstate Securities Commission v. McAlester Finance Corporation (Okl.), 362 P.2d 697.

■ There is competent evidence reasonably tending to support the trial court's conclusion that Interstate was not a bona fide purchaser for value and was not without notice of defect of title. We therefore hold that Interstate did not have a valid lien against the truck.

We will now consider defendant's contention that plaintiff is estopped from questioning the validity of the mortgage in favor of Interstate Securities Company for the reason plaintiff filed an action for replevin of the truck against Interstate; that by such action plaintiff elected the remedy of recision of the sale to defendant and sued for possession and cannot maintain this inconsistent remedy of suit for the purchase price.

In Electrical Research Products v. Haniotis Bros., 170 Okl. 144, 39 P.2d 36, 39, it is stated:

"In the case of Henderson Tire & Rubber Co. v. Gregory, 16 F. (2d) 589, 593, 49 A.L.R. 1503 Judge Booth of the Circuit Court of Appeals of the Eighth Circuit, in speaking of the doctrine of election of remedies which has been criticized as a harsh rule and not favored in equity, though widely recognized both in federal and state courts, said:

" 'The doctrine stated in its simplest form means that, if a party has two inconsistent existing remedies on his cause of action and makes choice of one, he is precluded from thereafter pursuing the other. The doctrine may be applicable as well where the remedies are against different persons as where they are against the same person.

" 'From the authorities cited there may be deduced the following conclusions: (1) The essential elements of the doctrine are (a) the existence of the two remedies; (b) the inconsistency between the remedies; (c) the choice of one of the remedies. (2) If any one of these elements is absent, the result of preclusion does not follow. (3) The pursuit of a supposed, but nonexistent, remedy does not constitute an election.' "

■ It is apparent that before an estoppel at law against a party can be sustained on the doctrine of election of remedies, the party must have two inconsistent

existing remedies in his cause of action and makes a choice of one of the remedies. It is equally apparent that if a party pursues a supposed but nonexistent remedy, that the doctrine is not applicable.

Before considering whether plaintiff had a right to pursue a remedy in replevin against Interstate, we must be cognizant of certain facts and the applicable law. Title 15 O.S.1951 § 235, provides, inter alia, that before recision of a contract can be accomplished on the part of the party rescinding, he must restore to the other party everything of value which he has received from him under the contract. See Holcomb & Hoke Mfg. Co. v. Jones, 102 Okl. 175, 228 P. 968; Jones v. Goldberger (Okl.), 323 P.2d 344; and Hooper v. Commercial Lumber Company (Okl.), 341 P.2d 596.

Defendant did not notify plaintiff of the alleged lien of Interstate nor did defendant deliver possession of the truck to Interstate by process of law. Interstate merely advised defendant that it had a lien against the truck and defendant, without authority from plaintiff, or without ascertaining the validity of such lien, or ascertaining that the note which secured the alleged lien was due and payable, delivered the truck to Interstate. It was the duty of defendant to either return the truck to plaintiff or to retain possession of the truck. He did neither but by his own volition delivered possession of the truck to Interstate which had no right, title or interest in the truck.

Therefore, in the instant action, we are not considering the rights of a payee (seller) and drawer (purchaser) wherein the drawer (purchaser) has stopped payment on a check issued without consideration. We are considering, however, the rights of a payee (seller) and drawer (purchaser) wherein the drawer (purchaser) assumes such check was issued without consideration, when as a matter of fact it was issued for consideration.

▆▆▆ In the instant action, at the time plaintiff filed the action in replevin against Interstate, he had no right, title or interest in the truck for the reason he had sold and delivered the truck to defendant. Defendant had a valid and binding contract with plaintiff and plaintiff could not have successfully replevined the truck from defendant had defendant resisted such action. Under such circumstances, he would not have an action in replevin against Interstate which had received possession of the truck from defendant.

Although plaintiff may have supposed he had a right to pursue a remedy in replevin against Interstate, such remedy was nonexistent because he had no right to pursue such remedy. We therefore hold the bringing of the action in replevin against Interstate did not preclude the right of plaintiff to bring the present action.

Judgment affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and DAVISON, HALLEY, JOHNSON, JACKSON and BERRY, JJ., concur.

WELCH, J., dissents.