2016 OK CIV APP 20

Julie Gwen SANFORD and S.D., Petitioners/Appellees,

v.

Blaise Allyn SANFORD, Respondent/Appellant.

No. 113,669.

Court of Civil Appeals of Oklahoma, Division No. 4.

Oct. 1, 2015.

Ellen Quinton, Gotcher, Beaver & Quinton, McAlester, OK, for Petitioners/Appellees.

Joshua A. Edwards, Law Offices of James R. Neal, PLLC, Ada, OK, for Respondent/Appellant.

KEITH RAPP, Presiding Judge.

¶1 The defendant, Blaise Allyn Sanford (Husband), appeals an Order granting a continuous protective order against him and in favor of the plaintiffs, Julie Gwen Sanford (Wife) and her minor child, S.D.

## BACKGROUND

¶2 As presented here, this appeal presents a single issue. Husband argues that the trial court erred by making the protective order continuous,[1] Specifically, Husband argues that Title 22 O.S. Supp. 2014, § 60.4(G)(1)(b) specifies four grounds for a continuous order and that no evidence or finding exists to support any of those four listed grounds.[2]

---

1. The parties presented the case to the trial court without a jury.

2. Section 60.4(G)(1) provides:

G. 1. Any protective order issued on or after November 1, 2012, pursuant to subsection C of this section shall be:

a. for a fixed period not to exceed a period of five (5) years unless extended, modified, vacated or rescinded upon motion by either party or if the court approves any consent agreement entered into by the plaintiff and defendant; provided, if the defendant is incarcerated, the protective order shall remain in full force and

¶ 3 Wife testified to a series of physical and emotional abuse directed against her by Husband. The abuse included verbal abuse, assault, battery, and placing a gun to her head.[3] Wife testified that the abuse was ongoing for over two years. She also told of an incident where Husband battered S.D.[4] Wife stated that S.D. had observed incidents of abuse and was also the victim of Husband's abuse.

¶ 4 On cross-examination, Wife acknowledged that she had requested and received a dismissal of a prior protective order.[5] She explained that Husband had "conned" her into believing he had reformed, but soon afterward his abusive actions resumed. She stated that she did not know of any instance where Husband had violated the present protective order by contacting her or S.D., but she believed he had come to the residence when she was away.

¶ 5 S.D. testified about an incident when Husband beat and choked him. He related he observed Husband abusing his mother.

¶ 6 A friend of Wife's testified about an event at a local drive-in when Husband attacked Wife. Husband attempted to strike Wife while Wife and the witness were seated in Wife's vehicle.

¶ 7 Husband did not testify. Husband did not make any closing motions. The Record does not contain any request for findings of fact or conclusions of law. *See* 12 O.S.2011, § 611.

¶ 8 At the close of the evidence, the trial court entered a protective order and made it permanent. The trial court referenced the evidence generally and did not make any specific findings of fact or conclusions of law.[6] The protective order is written on an Administrator of the Courts Form (AOC form), with checks on pertinent paragraphs. One paragraph, checked by the trial court, provides:

3) Duration:

. . . .

OR:

3b) The Court finds that one or more of the conditions set forth in 22 O.S. 60.4(G)(1)(b) exists in the present matter, and therefore this Final Protective Order shall be continuous without expiration until modified, vacated or rescinded.

Husband appeals.

## STANDARD OF REVIEW

¶ 9 Proceedings under the Protection from Domestic Abuse Act are reviewed for an abuse of discretion. *Curry v. Streater,* 2009 OK 5, ¶ 8, 213 P.3d 550, 554. The Court explained:

Under an abuse of discretion standard, the appellate court examines the evidence in the record and reverses only if the trial court's decision is clearly against the evidence or is contrary to a governing principle of law. To reverse under an abuse of discretion standard, an appellate court

---

effect during the period of incarceration. The period of incarceration, in any jurisdiction, shall not be included in the calculation of the five-year time limitation, or

b. continuous upon a specific finding by the court of one of the following:

(1) the person has a history of violating the orders of any court or governmental entity,

(2) the person has previously been convicted of a violent felony offense,

(3) the person has a previous felony conviction for stalking as provided in Section 1173 of Title 21 of the Oklahoma Statutes, or

(4) a court order for a final Victim Protection Order has previously been issued against the person in this state or another state.

Further, the court may take into consideration whether the person has a history of domestic violence or a history of other violent acts. The protective order shall remain in effect until modified, vacated or rescinded upon motion by

either party or if the court approves any consent agreement entered into by the plaintiff and defendant. If the defendant is incarcerated, the protective order shall remain in full force and effect during the period of incarceration.

3. All of the parties owned guns because they compete in shooting contests. Apparently, the family has a substantial number of guns, all of which had been impounded. The trial court did not decide ownership in this case and reserved the ownership issue for decision in the divorce case.

4. S.D. is Wife's son and Husband's stepson.

5. This protective order was not entered into evidence as a document or by judicial notice.

6. Tr. p. 75; Journal Entry, Record, p. 21.

must find the trial court's conclusions and judgment were clearly erroneous, against reason and evidence.

*Id.* (Citations omitted.)

¶ 10 Husband's appeal, in part, calls for an interpretation of Section 60.4(G)(1)(b). Statutory interpretation presents a question of law, reviewed *de novo. Fulsom v. Fulsom,* 2003 OK 96, ¶ 2, 81 P.3d 652, 654.

## ANALYSIS AND REVIEW

### A. Requirement for Specific Findings and Conclusions

¶ 11 Final protective orders "shall be on a standard form developed by the Administrative Office of the Courts." 22 O.S. Supp. 2014, § 60.4(D). The trial court used the prescribed AOC form. The form does not set out the individual, specific findings of Section 60.4(G)(1)(b), but only makes a general reference to the Section. Husband does not dispute that the trial court used the AOC form.

¶ 12 Husband did not provide this Court any legal authority to demonstrate that the trial court erred by following the statute's directive to use the AOC form. Husband also has not shown that the AOC form fails to conform to any legal requirement for such forms or the use of the form in this instance. Moreover, Husband did not request specific findings or conclusions at trial and did not object to the use of the AOC form or offer a different format.

¶ 13 Arguments not supported by legal authority are not considered. Okla.Sup.Ct.R. 1.11(k), 12 O.S. Supp. 2014, ch. 15, app 1. Judgments ordinarily may not be set aside on procedural grounds. 20 O.S.2011, § 3001.1. No exception to Section 3001.1 has been provided by Husband.

¶ 14 Last, when a trial court finding is general, it is a finding of every specific thing necessary to be found to sustain a general judgment. "[S]uch judgment will not be disturbed on appeal in the absence of legal errors, if there is any competent evidence reasonably tending to support the trial court's conclusion." *Givens v. Western Paving Co.,* 1953 OK 242, ¶ 4, 261 P.2d 450, 451.[7]

¶ 15 Therefore, this Court holds that there is no reversible error shown by Husband due to the procedural use by the trial court of the AOC form for the protective order, including the AOC form's general provision regarding the finding under Section 60.4(G)(1)(b).

### B. Sufficiency of Evidence

¶ 16 Section 60.4(G)(1)(b) limits the reasons why a protective order may be made continuous. The problem of interpretation arises because Section 60.4(G)(1)(b) begins by limiting the court's authority to a "specific finding" of "one of the following" and thereafter enumerates four circumstances. However, the statute continues, after the list of four, to say *"Further"* the court may consider a history of domestic violence.

¶ 17 Here, the first three enumerated conditions are not present. Wife's evidence did not show that Husband had violated orders, or had been convicted of a felony or felony stalking.

¶ 18 Also, Wife's evidence did not show that, previously, a final victim protective order had been issued against Husband. The nature of the previous order against Husband is not shown in this Record. Therefore, the evidence does not support a finding that the fourth enumerated circumstance applies to this case.

¶ 19 However, the evidence is absolutely clear that Husband has a history of domestic violence.[8] "The Protection from Domestic Abuse Act serves a vital purpose, to prevent violence." *Holeman v. White,* 2012 OK CIV APP 107, ¶ 15, 292 P.3d 65, 68.

---

7. *See Marquette v. Marquette,* 1984 OK CIV APP 25, 686 P.2d 990, where the Court ruled that the remedy under the Protection From Domestic Abuse Act was civil, not criminal, in nature.

8. Domestic violence is defined in the statute.
   1. "Domestic abuse" means any act of physical harm, or the threat of imminent physical harm which is committed by an adult, emancipated minor, or minor child thirteen (13) years of age or older against another adult, emancipated minor or minor child who are family or household members or who are or were in a dating relationship.
   22 O.S.2011, § 60.1(1).

¶ 20 "The primary goal of statutory construction is to ascertain and follow the intention of the Legislature." *TRW/Reda Pump v. Brewington,* 1992 OK 31, ¶ 5, 829 P.2d 15, 20. If a statute is unambiguous and there is no reason to apply rules of statutory construction, this Court will accord the meaning expressed by the clear language of the statute. *Id.* Furthermore, this Court will presume that the Legislature has not done a vain act in drafting legislation. *Marquette v. Marquette,* 1984 OK CIV APP 25, ¶ 8, 686 P.2d 990, 993. This Court will avoid an interpretation of a statute which would lead to an absurd result provided it does not violate the legislative intent. *Id.*

¶ 21 Therefore, this Court construes the "one of the following" phrase to include the "Further" consideration of a domestic violence history. If the Legislature had desired to limit the issuance of a continuous order to the enumerated provisions it would have said "one or more of the following four enumerated" provisions. The Legislature did not do so.

¶ 22 Moreover, if the "Further" consideration did not constitute an additional basis for a continuous order, then it would have virtually no purpose, other than to provide an aggravating factor to one of the four enumerated circumstances. There is no need or role for an aggravating factor because the issuance of the continuous order is the ultimate sanction.

¶ 23 Last, the intent of the legislation is to prevent and protect from violence. The egregious circumstance of a history of domestic violence merits special attention in the form of a continuous order. There may be no doubt that the trial court had Husband's history in mind when it made the decision to make this a continuous protective order. That decision is supported by the evidence and is affirmed.

## CONCLUSION AND SUMMARY

¶ 24 The trial court issued a continuous protective order. The trial court used a form provided by the Administrator of the Courts which made general reference to findings under 22 O.S. Supp. 2014, § 60.4(G)(1)(b).

Husband has not demonstrated in this appeal how or why the use of the form is error. Moreover, Husband did not object to its use at trial or offer an alternative.

¶ 25 The findings required under Section 60.4(G)(1)(b) as a basis for a continuous protective order are not limited to the four enumerated findings, but also include the "history of domestic violence" finding. Inclusion of the "history of domestic violence" criterion is consistent with the overall purpose of the Act to prevent and protect from violence. Inclusion also is consistent with a reasonable reading of the language of Section 60.4(G)(1)(b).

¶ 26 Therefore, the judgment of the trial court entering a continuous protective order against Blaise Allyn Sanford is affirmed.

¶ 27 **AFFIRMED.**

BARNES, J., and THORNBRUGH, J., concur.