OSCN Found Document:BOWERS v. FLICK

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 BOWERS v. FLICK
2017 OK CIV APP 49
Case Number: 114709
Decided: 09/22/2017
Mandate Issued: 10/18/2017
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2017 OK CIV APP 49, __ P.3d __

 

KATIE L. BOWERS, Petitioner/Appellee,
v.
MATTHEW A. FLICK, Defendant/Appellant.

APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY, OKLAHOMA

HONORABLE SARAH SMITH, TRIAL JUDGE

AFFIRMED AS MODIFIED

Gregory J. Denney, Simon J. Harwood, GREG DENNEY LAW, PLLC, Oklahoma City, Oklahoma, for Petitioner/Appellee,
Carl P. Funderburk, FUNDERBURK AND ASSOCIATES P.L.L.C., Tulsa, Oklahoma, for Defendant/Appellant.

BRIAN JACK GOREE, PRESIDING JUDGE:

¶1 Matthew Flick, Defendant/Appellant, appeals the trial court's issuance of a five-year final protective order issued against him on January 20, 2016, in favor of Katie L. Bowers, Petitioner/Appellee. The issue presented on appeal is whether the district court erred when it granted a five-year protective order after an emergency order had already been in effect for one year and the review hearing revealed violations of the order.

Standard of Review

¶2 Proceedings under the Protection from Domestic Abuse Act are reviewed for an abuse of discretion.[1] Curry v. Streater, 2009 OK 5, ¶8, 213 P.3d 550, 554. To reverse under this standard, this Court must find that the trial court's conclusions and judgment were clearly erroneous, against reason and evidence. Id. We do not re-weigh the evidence. Id. at ¶17.

¶3 Statutory interpretation presents a question of law and is reviewed de novo. Spielmann v. Hayes ex rel. Hayes, 2000 OK CIV APP 44, ¶8, 3 P.3d 711, 713. Appellate courts have "plenary, independent, and non-deferential authority to reexamine a trial court's legal rulings." Id. (citing Neil Acquisition, L.L.C. v. Wingrod Investment Corp., 1996 OK 125, ¶4, 932 P.2d 1100, 1103 n.1).

Background and Analysis

¶4 Katie Bowers ("Bowers"), Petitioner/Appellee, filed a Petition for an Emergency Protective Order ("Petition") against Matthew Flick ("Flick"), Defendant/Appellant, on January 5, 2015. Bowers requested an Emergency Ex Parte Order pursuant to 22 O.S.2011 §60.3 (amended by Laws 2016, c. 183, §5, eff. Nov. 1, 2016) to protect her from immediate and present danger. The trial court granted an Emergency Ex Parte Order of Protection ("Ex Parte Order") that same day and set the hearing for January 20, 2015, in compliance with 22 O.S.Supp.2013 §60.4(B)(1) (amended by Laws 2017, c. 173, §1, eff. Nov. 1, 2017).[2] The Ex Parte Order states that it "shall remain in effect until after the full hearing is conducted."

¶5 Both parties were present at the full hearing on January 20, 2015, when the trial court entered an order continuing its previous order ("Continued Order") and set a review hearing for January 20, 2016. The Continued Order states that the protective order will be dismissed if there are no violations. This order is on the same form as the Ex Parte Order and states that it shall remain in effect until after the full hearing is conducted. This order also states that it may become a final protective order if defendant fails to appear at the hearing. A warning on the last page of the order states, "A Final Protective Order, granted after notice and hearing, will be in effect for five (5) years unless extended, modified, vacated or rescinded by the court." The record on appeal does not include a transcript of the hearing that resulted in the Continued Order.

¶6 Bowers, pro se, and Flick, with counsel, both appeared at the "review hearing" on January 20, 2016, where the trial court entered a five-year Final Order of Protection ("Final Order") pursuant to §60.4(G)(1)(a). The Final Order states, "This Final Protective Order shall remain in effect until 1/20/2021 or for a period not to exceed five years from the date of issue, unless extended, modified or rescinded by the Court upon Motion or agreement." This order also states, "The order will be in effect for a maximum of five (5) years unless extended, modified, vacated or rescinded by the court."

¶7 The transcript from the January 20, 2016, hearing indicates that the hearing was "a review of a continued emergency protective order that was continued from . . . January 20th of 2015 to January 20 of 2016." Flick argues that the trial court did not have jurisdiction to make a ruling after a full hearing and a one-year order of protection a year earlier. Flick asks this Court to reverse the trial court's issuance of the five-year protective order entered on January 20, 2016, and dismiss PO-2015-17. We decline to do so.

¶8 Flick argues that the trial court effectively granted the protective order for six years contrary to §60.4(G)(1), which provides:

1. Any protective order issued on or after November 1, 2012, pursuant to subsection C [providing for a final order after a hearing] of this section shall be:
a. for a fixed period not to exceed a period of five (5) years unless extended, modified, vacated or rescinded upon motion by either party or if the court approves any consent agreement entered into by the plaintiff and defendant . . . , or
b. continuous upon a specific finding by the court of one of the following:

(1) the person has a history of violating the orders of any court or governmental entity,
(2) the person has previously been convicted of a violent felony offense,
(3) the person has a previous felony conviction for stalking . . ., or
(4) a court order for a final Victim Protection Order has previously been issued against the person . . . .

Further, the court may take into consideration whether the person has a history of domestic violence or a history of other violent acts. The protective order shall remain in effect until modified, vacated or rescinded upon motion by either party or if the court approves any consent agreement entered into by the plaintiff and defendant (emphasis added).

¶9 We find that the Continued Order, entered on January 20, 2015, was not an emergency ex parte order, by law, despite being titled as such. The Continued Order did not contain any provisions that were contrary to the Protection from Domestic Abuse Act, except one. The order was not for a fixed period of time as required by §60.4(G)(1)(a). Rather, it states that it "shall remain in effect until after the full hearing is conducted." Although the trial court commented during the review hearing that this was the "agreement," no evidence was presented that the parties entered into a consent agreement within the meaning of §60.4(G)(1)(a).

¶10 Ascertaining the meaning of statutory language is a pure issue of law. The cardinal rule of statutory construction is to ascertain and give effect to the legislative intent. Hogg v. Oklahoma County Juvenile Bureau, 2012 OK 107, ¶7, 298 P.3d 29, 33. Statutes are interpreted to attain their purpose and end, championing the broad public policy purposes underlying them. Cattlemen's Steakhouse, Inc. v. Waldenville, 2013 OK 95, ¶14, 318 P.3d 1105, 1110. If the language of the statute is clear and unambiguous, the plain meaning of the statute controls and statutory construction is unnecessary. Id. It is presumed that the Legislature has not done a vain act in drafting legislation. Marquette v. Marquette, 1984 OK CIV APP 25, 686 P.2d 990, 993.

¶11 The purpose of the Protection from Domestic Abuse Act is to prevent violence. Sanford v. Sanford, 2016 OK CIV APP 20, ¶19, 370 P.3d 1220, 1223 (citing Holeman v. White, 2012 OK CIV APP 107, ¶15, 292 P.3d 65, 68). The Act provides both immediate and long-term protection for victims of domestic abuse. Marquette, 686 P.2d at 993. The Legislature provided two options for orders at the full hearing: one for a fixed period not to exceed five years[3] ("fixed order") or a continuous order.[4] That language is clear and unambiguous. However, the Legislature has allowed for express exceptions to the fixed order: "unless extended, modified, vacated or rescinded upon motion by either party or if the court approves any consent agreement entered into by the plaintiff and defendant."[5]

¶12 We have not been presented with any motions by the parties, and the hearing transcript explicitly states, "The agreement was if no violations, dismissed."

¶13 The Continued Order imposed terms and conditions that were reasonably necessary and in accord with §60.4(C)(1).[6] Among them was an order to appear in court in one year. The one-year review ordered by the court was consistent with the discretion of the court within the statutory authority expressly permitting review hearings where treatment or counseling has been ordered. See 22 O.S. 2011 §60.6(D). In 2000, the Legislature amended §60.4(C) to allow the court to impose any terms and conditions in the protective order that the court reasonably believes are necessary including, but not limited to, counseling or treatment.[7] Review hearings were introduced in 2005 when the Legislature required any counseling or treatment ordered for the defendant to be certified by the Attorney General.[8] However, the Legislature, by permitting terms and conditions for the cessation of domestic abuse, did not intend to authorize trial courts to order annual review hearings that would prolong a protective order beyond five years without a consent agreement or the statutory process of a motion to extend.[9]

¶14 In our de novo review, interpreting the relevant statutes of the Protection from Domestic Abuse Act, we conclude that the 2015 Continued Order was within the court's discretion, but the 2016 Final Order erroneously extended the period of the protective order beyond five years. There is no statutory mechanism for a continued emergency ex parte order at the conclusion of a full hearing. Rather, the Legislature specifically identifies the two types of protective orders that may be issued after a hearing: fixed period or continuous. We hold that after a full hearing, the trial court must either deny the petition, enter a protective order for a fixed period pursuant to §60.4(G)(1)(a) or enter a continuous protective order pursuant to §60.4(G)(1)(b). Penalties for violations of a protective order are provided for in §60.6. However, there is no statutory authority for imposing an extended protective order as a penalty for violating an original protective order. We therefore modify the protective order filed January 20, 2016, to terminate on January 20, 2020, instead of January 20, 2021.

¶15 AFFIRMED AS MODIFIED.

JOPLIN, J., and BELL, J., concur.

FOOTNOTES

[1] A protective order is analogous to an injunction. Curry v. Streater, 2009 OK 5, ¶8, 213 P.3d 550, 554. Whether temporary or final, it is appealable under 12 O.S. 2011 §952(b)(2).

[2] 22 O.S. Supp. 2013 §60.4(B)(1) provided,

1. Within fourteen (14) days of the filing of the petition for a protective order, the court shall schedule a full hearing on the petition, if the court finds sufficient grounds within the scope of the Protection from Domestic Abuse Act stated in the petition to hold such a hearing, regardless of whether an emergency ex parte order has been previously issued, requested or denied.

[3] 22 O.S. Supp. 2013 §60.4(G)(1)(a).

[4] 22 O.S. Supp. 2013 §60.4(G)(1)(b).

[5] 22 O.S. Supp. 2013 §60.4(G)(1)(a).

[6] §60.4(C)(1) provides,

At the hearing, the court may impose any terms and conditions in the protective order that the court reasonably believes are necessary to bring about the cessation of domestic abuse against the victim or stalking or harassment of the victim or the immediate family of the victim but shall not impose any term and condition that may compromise the safety of the victim including, but not limited to, mediation, couples counseling, family counseling, parenting classes or joint victim-offender counseling sessions. The court may order the defendant to obtain domestic abuse counseling or treatment in a program certified by the Attorney General at the expense of the defendant pursuant to Section 644 of Title 21 of the Oklahoma Statutes.

[7] Laws 2000, c. 370, §8, eff. July 1, 2000.

[8] Laws 2005, c. 348, §16, eff. July 1, 2005.

[9] This is evidenced by the Legislature reinstating the requirement for a fixed period in 1999 after having required from 1987 to 1999 that the protective orders be continuous. Compare Laws 1987, c. 174, §1(F), eff. July 1, 1987, to Laws 1999, c. 97, §1(G), eff. Nov. 1, 1999.

It was not until 2012 that the Legislature re-introduced the option for continuous protective orders upon a specific finding of a history of domestic abuse. Laws 2012, c. 313, §1(G)(1)(b), eff. Nov. 1, 2012. See also Sanford, 2016 OK CIV APP 20at ¶25 (holding that the Legislature did not intend the basis for a continuous protective order be limited to the four enumerated findings, but also to include a finding of a "history of domestic violence.").






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2012 OK CIV APP 107, 292 P.3d 65, HOLEMAN v. WHITE
Discussed
 2016 OK CIV APP 20, 370 P.3d 1220, SANFORD v. SANFORD
Discussed at Length
 2000 OK CIV APP 44, 3 P.3d 711, 71 OBJ 1342, SPIELMAN v. HAYES
Discussed
 1984 OK CIV APP 25, 686 P.2d 990, Marquette v. Marquette
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 2009 OK 5, 213 P.3d 550, CURRY v. STREATER
Discussed at Length
 1996 OK 125, 932 P.2d 1100, 67 OBJ 3566, Neil Acquisition, L.L.C. v. Wingrod Investment Corp.
Discussed
 2012 OK 107, 292 P.3d 29, HOGG v. OKLAHOMA COUNTY JUVENILE BUREAU
Cited
 2013 OK 95, 318 P.3d 1105, CATTLEMEN'S STEAKHOUSE, INC. v. WALDENVILLE
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 952, Jurisdiction of Supreme Court
Cited
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 60.3, Emergency Ex Parte Order - Hearing
Cited
 22 O.S. 60.4, Hearing - Service of Process - Emergency Ex Parte Orders - Protective Orders - Period of Relief - Title to Real Property
Discussed at Length
 22 O.S. 60.6, Violation of Protective Order - Penalty
Cited